IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JORGE PORTE, :
:
    Petitioner :
:
  v. : CIVIL NO. 4:CV-05-589
:
BRYAN L. MILLER, ET AL., :
: (Judge Jones)
:
    Respondents :

## **MEMORANDUM AND ORDER**

October 20, 2005

**Background**

    Jorge Porte ("Petitioner" or "Porte"), an inmate confined at the Allenwood Federal Correctional Institution, in White Deer, Pennsylvania ("FCI-Allenwood"), filed this pro se Petition for Writ of Habeas Corpus ("the Petition") (doc. 1) pursuant to 28 U.S.C. § 2241. Named as Respondents are Bryan L. Miller and the Bureau of Immigration and Customs Enforcement ("ICE"). Service of the Petition was previously ordered.

    Petitioner states that he is a native of Cuba who entered the United States during the 1990 Mariel boatlift. Porte indicates that he filed an application to become a lawful permanent resident in 1985. However, his application was allegedly terminated on January 7, 1987.

    Petitioner subsequently pled guilty to drug related charges before our colleague, United States District Judge William Caldwell of the Middle District of Pennsylvania. On June 21, 1990, he was sentenced to a 240 month term of incarceration. Porte is presently serving that sentence at FCI-Allenwood. On February 25, 2004, the ICE lodged a detainer against the Petitioner with the Federal Bureau of Prisons ("BOP").

In his present action, Porte challenges the legality of the ICE detainer. Specifically, his Petition contends that the detainer should be vacated because his application to become a lawful permanent resident was improperly terminated. Petitioner adds that the imposition of the detainer violates his Fifth Amendment due process rights because it has impeded his eligibility for institutional programs and pre-release halfway house placement.

Respondents argue that Porte is not entitled to federal habeas corpus relief because he does not satisfy the in custody requirement of § 2241. Their response maintains that since the Petitioner will remain in BOP custody until August, 2007 and the detainer does not subject him to ICE custody, this Court lacks jurisdiction over his present claim.

**Discussion**

The ICE detainer issued to Porte notified him that an investigation had been commenced to determine whether he was removable from the United States. (See Rec. Doc. 7, Ex. D). It specifically advises prison officials that it is issued solely for notification purposes and does not "limit your discretion in any decision affecting the offender's classification, work, and quarters assignments, or other treatment which he or she would otherwise receive." Id. The detainer additionally requests only that prison officials provide ICE with advance notice of Porte's release so that they could assume custody of Petitioner.

It is initially noted that there is no claim by Petitioner that his present federal incarceration is the result of the ICE detainer. Under 8 C.F.R. § 239.1(a), removal proceedings do not commence upon the filing of a detainer at the prison where the alien is incarcerated, but rather with the filing of a notice to appear before an Immigration Judge. Pri-Har v. Reno, Civil No. 1:CV-00-1635 slip op. at 4 (M.D. Pa. June 5, 2001)(Caldwell, J.). The presence of an ICE detainer also does not affect

2

Porte's status as a sentenced federal offender.  Rather, "it merely notifies prison officials that a decision regarding his deportation will be made ... at some future date. Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988); Then v. Colleran, Civil No. 1:CV-99-967, slip op. at 2  (M.D. Pa.  July , 1999)(Rambo, J.).

A petitioner may not challenge an immigration detainer by filing a § 2241 petition "absent actual custody" by ICE.   Garcia v. INS, 733 F. Supp. 1554 (M.D. Pa.  1990). More recent decisions have similarly held that a petitioner has no right to compel immediate resolution of a pending ICE detainer.  Escobsar v. U.S. Dept. Of Justice, 2005 WL 1060635 (E.D. Pa. May 5, 2005); Burgos v. Derosa, 2005 WL 2205814 (D.N.J.  Sept. 8, 2005).  In Escobar, the district court also noted that the lodging of an immigration detainer does not satisfy the in custody requirement of § 2241.   Escobar, 2005 WL 1060635 * 2.   This Court agrees that the mere filing of the ICE detainer does not establish that removal proceedings have commenced.  Furthermore, since it is undisputed that Porte is presently serving his federal criminal sentence and is not in actual ICE custody, he does not satisfy § 2241's in custody requirement.  Thus, under the standards announced in and Garcia, Escobar, and Burgos, Porte's present § 2241 action is premature and subject to dismissal.

In Burgos, it was additionally recognized that a habeas petitioner is not entitled to relief with respect to a claim that an ICE detainer caused a limitation on his prison activities.  Burgos, 2005 WL 2205814 at *6 (it is not unreasonable for the BOP to take into account an ICE detainer in determining any aspect of a prisoner's placement or program participation).  Accordingly, there is also no basis for federal habeas corpus relief with respect to Petitioner's claim that the presence of the ICE detainer has impeded his eligibility for institutional and pre-release programming.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Petition for Writ of Habeas Corpus (doc. 1) is dismissed without prejudice as premature.
2. The Clerk of Court is directed to close this case.
3. There is no basis for the issuance of a certificate of appealability.

s/ John E. Jones III
John E. Jones III
United States District Judge
